# EXHIBIT 1

# LAST WILL AND TESTAMENT

# OF

# ROY RANDOLPH ERWIN

Prepared by:

**SWAIN LAW FIRM PC**
**945 Bunker Hill Road**
**Suite 680**
**Houston, Texas 77024**

**713/957-8932**

# LAST WILL AND TESTAMENT
# OF
# ROY RANDOLPH ERWIN

I, ROY RANDOLPH ERWIN, of Fort Bend County, Texas, make this my Last Will and Testament, and I revoke all Wills and Codicils previously made by me.

## ARTICLE I.
### Identification

**A.** **Marital Status.** I am not currently married.

**B.** **Children.** I have four children, JARROD REED ERWIN, RYAN CORBETT ERWIN, KIMBERLY RENEE LEVICKY and RANDALL CHEN ERWIN. All references in this Will to "my children" are to them. In addition, all references in this Will to "my descendants" are to my children (as defined above) and to all of their respective descendants.

## ARTICLE II.
### Memorandum

I request that the beneficiaries of my estate and my Executor honor the provisions of any memorandum written by me directing the disposition of any portion of my personal and household effects.

## ARTICLE III.
### Disposition to Trust

I give all of my estate to the then-serving trustee under that certain trust agreement (the "Trust Agreement") executed by me on the same day that I am signing this Will, and as may be amended and/or restated in the future, by and between me as settlor and as initial trustee, which Trust Agreement initially created the ROY RANDOLPH ERWIN REVOCABLE TRUST, to be allocated, administered, and distributed in accordance with the terms of the Trust Agreement.



1

## ARTICLE IV.
### Specific Bequest if Trust Agreement Not in Existence

If the Trust Agreement is not in existence on the date of my death, I give my 2019 Dodge Grand Caravan, VIN #2C7WDG-BG8KR504227 to my caregiver, OLUFUNSO ERINLE; provided if OLUFUNSO ERINLE fails to survive me, this gift shall lapse.

## ARTICLE V.
### Contingent Beneficiaries if Trust Agreement Not in Existence

If the Trust Agreement is not in existence on the date of my death, all of the residue of my estate shall be distributed to the same beneficiaries and in the same manner and proportions as provided in the Trust Agreement as if such Trust Agreement were still in existence, and the terms and provisions of the Trust Agreement shall be incorporated into and made a part of my Will. If no copy of the Trust Agreement exists or if the terms and provisions of the Trust Agreement cannot otherwise be determined, all of the residue of my estate shall be distributed to the following beneficiaries in equal shares:

1. JARROD REED ERWIN (my son); provided, however, if he fails to survive me, this share of the residue of my estate shall be distributed to his descendants who survive me per stirpes, or if no such descendant survives me, to the other beneficiaries named in this Article who are entitled to receive a portion of my estate in proportion to their share of the overall distribution being made.

2. RYAN CORBETT ERWIN (my son); provided, however, if he fails to survive me, this share of the residue of my estate shall be distributed to his descendants who survive me per stirpes, or if no such descendant survives me, to the other beneficiaries named in this Article who are entitled to receive a portion of my estate in proportion to their share of the overall distribution being made.



3. KIMBERLY RENEE LEVICKY (my daughter); provided, however, if she fails to survive me, this share of the residue of my estate shall be distributed to her descendants who survive me per stirpes, or if no such descendant survives me, to the other beneficiaries named in this Article who are entitled to receive a portion of my estate in proportion to their share of the overall distribution being made.

4. RANDALL CHEN ERWIN (my son); provided, however, if he fails to survive me, this share of the residue of my estate shall be distributed to his descendants who survive me per stirpes, or if no such descendant survives me, to the other beneficiaries named in this Article who are entitled to receive a portion of my estate in proportion to their share of the overall distribution being made.

Provided, however, that at the death of Settlor, the successor Trustee may, at his or her discretion, establish or create a fund in an amount not to exceed $125,000.00 to pay for any legal expenses and for the defense of any lawsuits which might arise or be filed by any third party against the Settlor or Settlor's estate or any legal proceeding filed by any third party against Jarrod and Ryan Erwin in relation to Settlor's prior business ventures. In the event that no lawsuits are filed against the Settlor or his estate or in relation to the aforementioned business ventures within Four (4) years of the date of death of the Settlor, then this fund shall be distributed to the beneficiaries as named above in their proportionate shares.

If all of the beneficiaries listed above fail to survive me, then I give all of the residue of my estate to my heirs. With regard to any tangible personal property, such property shall be divided and allocated as such beneficiaries may agree, or if they cannot agree, as my Executor shall decide. If any beneficiary hereunder is a minor, my Executor may distribute such minor's share of such tangible personal property to such minor or for such minor's use to any person with whom such minor is residing or who has the care or control of such minor without further responsibility, and the receipt of the person to whom such minor's share is distributed shall be a complete discharge of my Executor. The cost of packing and shipping such tangible personal property to any such beneficiary shall be charged against my estate as an expense of administration.

3

# ARTICLE VI.
## Executor and Trustee Appointments

**A.**  **Executor and Trustee.** I appoint my daughter, KIMBERLY RENEE LEVICKY, to be Independent Executor of my Will and estate and Trustee of all trusts created by my Will. If KIMBERLY RENEE LEVICKY fails to qualify, dies, resigns, becomes incapacitated, or otherwise ceases to serve, I appoint my son, JARROD REED ERWIN, to be Independent Executor of my Will and estate and Trustee of all trusts created by my Will.

**B.**  **Bond; Independent Administration.** To the extent permissible by law, no bond, surety, or other security shall be required of my Executor or of my Trustee in any jurisdiction. No action shall be required in any court in relation to the settlement of my estate other than the probating and recording of my Will and, if required by law, the return of an inventory, appraisement, and list of claims of my estate. An affidavit in lieu of inventory may be substituted for an inventory, appraisement, and list of claims if permitted by law.

**C.**  **Expenses and Compensation.** Every Executor and Trustee shall be reimbursed for the reasonable costs and expenses incurred in connection with such Executor's or such Trustee's duties. Every Trustee shall be entitled to fair and reasonable compensation for services rendered by such Trustee in an amount not exceeding the customary and prevailing charges for services of a similar character at the time and place such services are performed. No Executor shall receive any compensation for serving under this Will.

**D.**  **Ancillary Executors and Trustees.** If my estate or any trust created by this Will contains property located in another state or a foreign jurisdiction and my Executor or Trustee cannot or chooses not to serve under the laws thereof, my Executor or Trustee shall have the power to appoint an ancillary individual or corporate Executor or Trustee of such property.

**E.**  **Multiple Executors and Trustees.** Unless another meaning is clearly indicated or required by context or circumstances, the term "Executor" or "Trustee" shall also mean and include all persons or entities who may at any time be serving and any alternates or successors. Except as otherwise specifically provided in this Will, if Co-Executors or Co-Trustees are designated to serve hereunder or if Co-Executors or Co-Trustees are already serving, and one such Co-Executor or Co-Trustee declines to serve, fails to qualify, dies, resigns, becomes incapacitated, or otherwise fails or ceases



4

to serve for any reason, then the remaining Executor or Trustee, or Co-Executors or Co-Trustees, as the case may be, shall serve or continue to serve in such capacity.

      F.      **Actions by Co-Executors and Co-Trustees.** In all matters relating to my estate, the decision of a majority of the Executors or Trustees then serving shall control. Any writing signed by the persons whose decision shall control shall be valid and effective for all purposes as if signed by all such Executors or Trustees.

## ARTICLE VII.
## Executor and Trustee Powers

Each Executor and Trustee shall, to the extent permitted by law, act independently and free from the control of any court as to my estate and as to every trust established under this Will (and as to all of the property of my estate and all of the property of every trust created under this Will). Each Executor and Trustee shall have and possess all powers and authorities conferred by statute or common law in any jurisdiction in which such Executor and Trustee may act, including all powers and authorities conferred by the Texas Estates Code and the Texas Trust Code, and by any future amendments thereto, except for any instance in which such powers and authorities may conflict with the express provisions of this Will, in which case the express provisions of this Will shall control. In addition to such powers and authorities, each Executor and Trustee shall have and possess the following powers and authorities (each of which shall be exercisable in the discretion of such Executor or Trustee) with respect to my estate and every trust established hereunder, and the following provisions shall apply to my estate and every trust established under this Will:

      (1)      To retain, in the discretion of my Executor or Trustee, any property owned by me including securities of any Executor or Trustee without regard to the duty to diversify investments under the laws governing my estate or a trust created hereunder and without liability for any depreciation or loss occasioned by such retention;

      (2)      To exchange, sell or lease (including leases for terms exceeding the duration of all trusts created by this Will and the Trust Agreement) for cash, property or credit, or to partition, publicly or privately, at such prices, on such terms, times and conditions and by instruments of such character and with such covenants as my Executor or Trustee deems proper, all or any part of the properties of my estate or any trust, specifically including the power to sell and convey real property and the



power to execute deeds with regard to any such sale or conveyance, and no vendee or lessee shall be required to look to the application of any funds paid to my Executor or Trustee;

      (3)    To borrow money from any source (including any Executor or Trustee) and to mortgage, pledge, or in any other manner encumber all or any part of the properties of my estate or any trust as may be advisable in the judgment of my Executor or Trustee for the advantageous administration of my estate or any trust;

      (4)    To invest and reinvest the properties of my estate or a trust created by this Will in any kind of property whatsoever, real or personal (including oil, gas and other mineral leases, royalties, overriding royalties and other interests), whether or not productive of income and without regard to the proportion that such property or property of a similar character held may bear to my entire estate or to the entire trust, and to make loans to any beneficiary of any trust with adequate security and at an adequate interest rate;

      (5)    To enter into any transaction on behalf of my estate or of any trust (including loans to beneficiaries for adequate security and adequate interest) despite the fact that another party to any such transaction may be (i) a trust of which any Executor or Trustee under this Will is also a trustee, including any trust established by this Will; (ii) an estate of which any Executor or Trustee under this Will is also an executor, personal representative or administrator, including my estate; (iii) a business or trust controlled by any Executor or Trustee under this Will or of which any such Executor or Trustee, or any director, officer or employee of any such corporate Executor or corporate Trustee, is also a director, officer or employee; or (iv) any beneficiary, Trustee, or Executor under this Will acting individually;

      (6)    To make, in the discretion of my Executor or Trustee, any distribution required or permitted to be made to any beneficiary under this Will, or under any trust established by this Will, in any of the following ways when such beneficiary is a minor or is incapacitated: (i) to such beneficiary directly; (ii) to the guardian or conservator of such beneficiary's person or estate; (iii) by applying the required or permitted distribution for the benefit of such beneficiary; (iv) to a person or financial institution serving as custodian for such beneficiary under a uniform transfers to minors act of any state; (v) by reimbursing or advancing funds to the person who is actually taking care of such beneficiary (even though such person is not the legal guardian or conservator) for expenditures made or to be made by such person for the benefit of such beneficiary; and (vi) by



6

managing such distribution as a separate fund on the beneficiary's behalf, subject to the beneficiary's continuing right to withdraw the distribution; and the written receipts of the persons receiving such distributions shall be full and complete acquittances to my Executor or Trustee;

(7) To access, control, use, cancel, deactivate, or delete my Digital Accounts and Digital Assets, and to access, control, use, deactivate, or dispose of my Digital Devices. "Digital Accounts" are electronic systems for creating, generating, sending, sharing, communicating, receiving, storing, displaying, or processing information which provides access to a Digital Asset which is stored on any type of Digital Device, regardless of the ownership of the Digital Device upon which the Digital Asset is stored. "Digital Assets" mean data, files, text messages, emails, documents, audio, video, images, sounds, social media content, social networking content, apps, codes, health care records, health insurance records, credit card points, travel-related miles and points, computer source codes, computer programs, software, software licenses, databases, or the like, including access credential such as usernames, passwords and answers to secret questions, which are created, generated, sent, communicated, shared, received, or stored by electronic means on a Digital Device. "Digital Devices" are electronic devices that can create, generate, send, share, communicate, receive, store, display, or process information; and

(8) To make divisions, partitions, or distributions in money or in kind, or partly in each, whenever required or permitted to divide, partition, or distribute all or any part of my estate or of any trust; and, in making any such divisions, partitions, or distributions, the judgment of my Executor or Trustee in the selection and valuation of the assets to be so divided, partitioned, or distributed shall be binding and conclusive; and, further, my Executor or Trustee shall be authorized to make distributions from my estate in divided or undivided interests and on a pro rata or non-pro rata basis and to adjust distributions for resulting differences in valuation.

## ARTICLE VIII.
## Contingent Trusts

**A.**     **Applicability.** Any share of my estate that is to be distributed to a person who is under the age of 25 or who is incapacitated (referred to herein as the "Beneficiary") shall be held by my Trustee as a separate trust for the benefit of such Beneficiary. Alternatively, my Trustee, in my Trustee's discretion, may hold such property as custodian under the uniform transfers to minors act of any state, as it is my intention to ensure maximum flexibility in the administration of such property.

**B.**     **Distributions.** My Trustee shall distribute to the Beneficiary of each trust such amounts of the income and principal of such trust as my Trustee, in my Trustee's discretion, deems desirable from time to time to provide for such Beneficiary's health, education, maintenance and support, directly and without the interposition of any guardian or conservator.

**C.**     **Termination.** Each trust created by this Article for a Beneficiary who is under age 25 shall terminate when such Beneficiary attains that age. Each trust created by this Article for a person who is incapacitated shall terminate when the Beneficiary of such trust, in the discretion of my Trustee, is no longer incapacitated. Upon the termination of a trust created by this Article, the remaining property of such trust shall be distributed to the Beneficiary of such trust, but if a Beneficiary dies before the termination of such Beneficiary's trust, then upon such Beneficiary's death the remaining property of such trust shall be distributed to such Beneficiary's estate.

## ARTICLE IX.
## Miscellaneous Provisions

**A.**     **Survivorship Provisions.** No person shall be deemed to have survived me if such person shall die within 30 days after my death; however, my Executor may make distributions from my estate within that period for the support of my children. Any person who is prohibited by law from inheriting property from me shall be treated as having failed to survive me.



**B.     Payment of Debts.** I direct that all of my legal debts, funeral and testamentary expenses, costs and expenses of administration of my estate, and all estate, inheritance, transfer and succession taxes (Federal, State, and others) upon or with respect to any property required to be included in my gross estate under the provisions of any law, and whether or not passing hereunder, shall be paid as soon after my death as in the opinion of my Executor is practical and advisable. If at the time of my death any of my property is subject to a mortgage, lien, or other debt, I direct that the devisee taking such property shall take it subject to such mortgage, lien, or other debt, and that such person shall not be entitled to have the obligation secured thereby paid out of my estate. My Executor is specifically given the right to renew, refinance and extend, in any form that my Executor deems best, any secured or unsecured debt or charge existing at the time of my death. Under no circumstances shall my Executor be required to prepay any debt of mine.

**C.     Payment of Taxes and Expenses.** All funeral expenses and all expenses incurred in connection with the administration of my estate shall be paid out of the residue of my estate without apportionment; provided, however, to the extent the residue of my estate is insufficient for the payment of such expenses, then any excess shall be paid on a pro rata basis from all of the assets included in my gross estate. All estate and inheritance taxes (including interest and penalties thereon) assessed under the provisions of any tax law against any assets of my estate, whether or not such property passes under my Will, or against any beneficiary of my estate as a result of my death, shall be paid in the manner provided in the Trust Agreement. My Executor shall seek recovery of any taxes caused by the inclusion of property in my estate pursuant to Section 2041 of the Code as provided in Section 2207 of the Code.

**D.     Spendthrift Provisions.** Each trust created by this Will shall be a spendthrift trust to the fullest extent allowed by law. Prior to the actual receipt of property by any beneficiary, no property (income or principal) distributable under this Will or under any trust created by this Will shall, voluntarily or involuntarily, be subject to anticipation or assignment by any beneficiary, or to attachment by or to the interference or control of any creditor or assignee of any beneficiary, or taken or reached by any legal or equitable process in satisfaction of any debt or liability of any beneficiary, and any attempted transfer or encumbrance of any interest in such property by any beneficiary hereunder prior to distribution shall be void.



9

  **E.** **Accounting.** Within 60 days of receiving a written request from a beneficiary of a trust created by my Will who is entitled to receive an accounting, my Trustee shall furnish an accounting to such beneficiary. Any such accounting shall comply with the requirements of the Texas Trust Code and shall be deemed correct and binding one year after receipt by the requesting beneficiary. Notwithstanding the foregoing provisions of this Section, with regard to a beneficiary of a trust who is under 25 years of age, my Trustee shall be relieved of the duty to keep such beneficiary reasonably informed concerning the administration of such trust and the material facts necessary for such beneficiary to protect such beneficiary's interest, and my Trustee shall have no duty to respond to a demand for an accounting.

  **F.** **Descendants.** References to "descendant" or "descendants" (except as provided in Article I, Section B) mean lineal blood descendants of the first, second or any other degree of the ancestor designated; provided, however, such references shall include, with respect to any provision of this Will, descendants who have been conceived at any specific point in time relevant to such provision and who thereafter survive birth; and provided, further, except as hereinafter provided in this Section, an adopted child and such adopted child's lineal descendants by blood or adoption shall be considered under my Will as lineal blood descendants of the adopting parent or parents and of anyone who is by blood or adoption a lineal ancestor of the adopting parent or of either of the adopting parents. Notwithstanding any provision in this Will to the contrary, any person who is adopted (by anyone other than me) after reaching age 14 and any person who is a lineal descendant (whether by blood or adoption) of such person who is adopted (by anyone other than me) after reaching age 14 shall not be included in the definition of "descendant" or "descendants" and shall not be considered as a lineal blood descendant of the adopting parent or parents.

  **G.** **Discretion.** Whenever in this Will an action is authorized in the discretion of my Executor or Trustee, the term "discretion" shall mean the absolute and uncontrolled discretion of such Executor or Trustee.

  **H.** **Incapacitated.** A beneficiary shall be deemed "incapacitated" if my Executor or Trustee, in my Executor's or Trustee's discretion, determines that such beneficiary lacks the ability, due to a physical or mental condition, to manage his or her own personal and financial affairs. My Executor or Trustee shall be deemed "incapacitated" if and for as long as (i) a court of competent jurisdiction has made a finding to that effect, (ii) a guardian or conservator of such Executor's or Trustee's person or estate has been appointed by a court of competent jurisdiction and is serving



as such, or (iii) two physicians (licensed to practice medicine in the state where the Executor or Trustee is domiciled at the time of the certification, and one of whom shall be board certified in the specialty most closely associated with the cause of the Executor's or Trustee's incapacity) certify that due to a physical or mental condition the Executor or Trustee lacks the ability to manage his or her own personal and financial affairs. An Executor or Trustee shall immediately cease to serve upon being deemed incapacitated.

     I.    **Heirs.** References to "heirs" are to those persons who would inherit separate personal property from the person designated under the statutes of descent and distribution of the State of Texas, if such person died intestate and single at such time.

     J.    **Governing Law.** The construction, validity and administration of each trust created under this Will shall be controlled by the laws of the State of Texas. My Trustee may designate the laws of another jurisdiction as the controlling law with respect to the construction, validity and administration of a particular trust if either (i) my Trustee resides in, or administers that trust in, such designated jurisdiction (or in the case of a corporate Trustee, if such corporate Trustee is chartered in such designated jurisdiction), or (ii) the primary beneficiary of such trust resides in such designated jurisdiction, in which case the laws of such designated jurisdiction shall apply to such trust as of the date specified in such designation. Any such designation shall be in writing and shall be delivered to each beneficiary of the affected trust.

     K.    **Per Stirpes.** When a distribution is to be made to a person's descendants "per stirpes," property shall be divided into as many equal shares as there are (i) living children of such person, if any, and (ii) deceased children who left descendants who survive such person. Each living child shall receive one share, and the share that would have passed to each deceased child shall be divided in a similar manner (by reapplying the preceding rule) among his or her descendants who survive such person. For example, if a person has deceased children and surviving children when a distribution is to be made, the assets will be divided into equal shares at the child level and distributed per stirpes below that level; however, if the person has no surviving children at such time, that equal division will still be made at the child level and distributed per stirpes below that level. This definition is intended to override any conflicting or contrary common law definition.



## ARTICLE X.
## No Contest Clause

If any beneficiary of my estate or of a trust created hereunder in any manner, directly or indirectly, contests the probate or validity of this Will or any of its provisions, or institutes or joins in, except as a party defendant, any proceeding to contest the probate or validity of this Will or to prevent any provision hereof from being carried out in accordance with the terms hereof, then all benefits provided for such beneficiary and such contesting beneficiary's descendants are revoked and shall pass as if that contesting beneficiary and such contesting beneficiary's descendants had failed to survive me. Each benefit conferred herein is made on the condition precedent that the beneficiary receiving such benefit shall accept and agree to all of the provisions of this Will or any trust created hereunder, and the provisions of this Article are an essential part of each and every benefit. My Executor or Trustee shall be reimbursed for the reasonable costs and expenses, including attorneys' fees, incurred in connection with the defense of any such contest. Such reimbursement shall be made from my estate if the contest involves my estate, or from the affected trust if the contest involves a trust.

IN TESTIMONY WHEREOF, I have placed my initials on each of the foregoing pages of this, my Last Will and Testament, and in the presence of two witnesses, who are acting as witnesses at my request, in my presence and in the presence of each other, I hereunto sign my name, on the _13th_ day of _MAY_, in the year 2021.

_____
ROY RANDOLPH ERWIN, Testator



The foregoing instrument was signed by the testator in our presence and declared by the testator to be his Last Will and Testament, and we, the undersigned witnesses, sign our names hereunto as witnesses at the request and in the presence of the testator, and in the presence of each other, on the __13th__ day of ____May____, in the year 2021.

_____
Witness Signature

__15667 FERN BASIN DR__
Street Address

__Houston TX 77084__
City, State and Zip Code


__Susan Waller__
Witness Signature

__634 Saffron Plum Lane__
Street Address

__Richmond TX 77469__
City, State and Zip Code

13

## SELF-PROVING AFFIDAVIT

STATE OF TEXAS                           §
                                         §
COUNTY OF HARRIS                         §

Before me, the undersigned authority, on this day personally appeared ROY RANDOLPH ERWIN, _____ and _____, known to me to be the testator and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of such persons being by me duly sworn, the said ROY RANDOLPH ERWIN, testator, declared to me and to the witnesses in my presence that such instrument is his will, and that he had willingly made and executed it as his free act and deed; and the witnesses, each on his or her oath stated to me, in the presence and hearing of the testator, that the testator had declared to them that such instrument is his will, and that he executed same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the testator and at his request; that he was at that time eighteen years of age or over (or being under such age, was or had been lawfully married, or was then a member of the armed forces of the United States or of an auxiliary thereof or of the Maritime Service) and was of sound mind; and that each of the witnesses was then at least fourteen years of age.

_____
ROY RANDOLPH ERWIN, Testator

_____
Witness Signature

_____
Witness Signature

Subscribed and sworn to before me by ROY RANDOLPH ERWIN, testator, and by _____ and _____, witnesses, on the ___ day of _____, in the year 2021.

_____
Notary Public, State of Texas

Priscilla Gilbert
My Commission Expires
06/27/2024
ID No. 128328754

14