United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 16, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-31315 |
| **JARROD REED ERWIN,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 13 |

## ORDER ON MOTION FOR SANCTIONS

Before the Court is the Motion for Sanctions for Other Reason filed by interested parties Reverend Cedric V. Alexander, Rev. Reuben J. Boyd, Jr., Rev. A. Offord Carmichael, Jr., Rev. Diane Conley, Matthew Ewing, Rev. Pearce Ewing, Reverend Charles R. Jackson, Rev. Marcius King, Phillip Russ, IV, Rev. Derrell Wade (ECF No. 63), hearing was held on August 16, 2023, and the debtor testified.

The Court declines to issue sanctions due its inability to determine that the debtor did not comply with the technical terms of the order (ECF No. 43),[1] however, the Court holds the debtor did not comply with the spirt of the order which required full disclosure by the debtor both in production and in the Rule 2004 examination.[2] The Court additionally holds that the debtor was evasive, contradictory and untruthful during his 2004 examination.

The Court accordingly vacates is order at ECF 13, denying further relief.[3] Accordingly, the debtor is ordered, without limitation to produce to Matthew E. Lee, 900 W. Morgan Street, Raleigh, NC 27603, at his own expense the 4 or 5 boxes of documents not produced that where are or held at the iStorage, Hwy 90, near Dairy Ashford on or before 5 p.m. on August 25, 2023.[4]

A status conference is set at 9:30 a.m. on August 29, 2023. The Court will determine if the stay should be lifted [for cause i.e., the debtor's evasive, contradictory and untruthful testimony] on the

---

[1] The order was unintentionally nebulous, but the intent of the order was clear. The debtor should produce all documents that could possibly lead to admissible evidence in the litigation between the debtor and the interested parties. However, the debtor took it upon himself to partition documents by not producing all boxes of documents. The debtor's production of "the 30 boxes of documents [this is a misnomer more than 30 boxes were produced] related to the Debtor, his father and brother, and the Motorskill entities that were supposedly being delivered to Mr. Craft's office in Nashville" at the office of The Document Group, Attn: Henry Solano, 1010 Lamar St. Suite #120, Houston, Texas 77002, shall be returned to the debtor c/o Reese W Baker, Baker & Associates, 950 Echo Lane, Suite 300, Houston, TX 77024 not later than 5:00 p.m. on June 21, 2023.

[2] The debtor's testimony regarding omitted boxes was contradictory, evasive and not truthful. The Court finds the debtor an unreliable witness given its review of the Rule 2004 examination on the record and the debtor's testimony under oath.

[3] Pursuant to FRCP 60(b)(2) and (3).

[4] These are the documents, the exact nature of which is unknown, described by the debtor in his questioning by the Court.

litigation styled In re: AME Church Employee Retirement Fund Litigation MDL No. 1:22-md-03035 ("AME Church MDL") at the status conference.

**SO ORDERED.**

SIGNED 08/16/2023

_____
Jeffrey Norman
United States Bankruptcy Judge