UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re:

JARROD REED ERWIN,                                          Case No. 23-31315-H5-13

                                                            Chapter 13

    Debtor.

_____/

**EX PARTE MOTION BY U.S. SECURITIES AND EXCHANGE COMMISSION FOR AGREED ORDER FURTHER EXTENDING DEADLINE FOR U.S. SECURITIES AND EXCHANGE COMMISSION TO FILE COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT UNDER 11 U.S.C. §523(c)**

    The U.S. Securities and Exchange Commission ("**SEC**") moves the Court for entry of an agreed order (in form substantially similar to that attached as Exhibit A), pursuant to Fed.R.Bankr.P. 4007(c), extending for 27 days (to November 6, 2023) the deadline for the SEC to file a complaint to determine dischargeability of a debt under 11 U.S.C. §523(c), without prejudice to the SEC seeking further extensions and the Debtor opposing any further extensions. Undersigned counsel has conferred with counsel for the Debtor and the Chapter 13 trustee, who each agree to the requested extension.

    1.    The SEC staff is currently investigating whether the Debtor may have violated federal securities laws in connection with certain prepetition matters. It is the SEC's position that any monetary judgment it might obtain against the Debtor could be excepted from discharge under Section 523(a)(2) of the Bankruptcy Code. See e.g., S.E.C. v. Bilzerian (In re Bilzerian), 153 F.3d 1278 (11th Cir. 1998); S.E.C. v. Hodge (In re Hodge), 216 B.R. 932 (Bankr. S.D. Ohio 1998).

2. The Debtor has not listed the SEC on his schedules and the SEC has not been served with any notices in this case. The SEC learned of this case through its own diligence and investigation. The original deadline for creditors to file a complaint to determine the dischargeability of a debt is August 8, 2023. That deadline was previously extended by agreement to October 10, 2023.

3. The SEC and the Debtor believe that extending the deadline (solely for the SEC) will avoid premature litigation and provide additional time to the SEC staff to obtain additional information in connection with its investigation. As such, the parties propose to extend the SEC's deadline for 27 days (to November 6, 2023), without prejudice to the SEC seeking further extensions.

4. Bankruptcy Rule 4007(c) provides that the court may "for cause" extend the time for filing a complaint to determine the dischargeability of a debt. Fed.R.Bankr.P. 4007(c). "'Cause' is not defined in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure; therefore, the determination is committed to the Court's discretion.'" In re Ballas, 342 B.R. 853, 856 (Bankr. M.D. Fla. 2005) (citations omitted). Certain factors that courts typically consider are: (i) the possibility that the proceedings pending in another forum will result in collateral estoppel on the relevant issues; (ii) whether the creditor has exercised diligence; and (iii) the complexity of the case.[1] Id. (citations omitted).

5. The Debtor and the SEC believe that cause exists to extend the Section 523(c) deadline. At this point, the SEC staff is still investigating this matter and has not made a determination as to any claims against the Debtor. It would be premature for the parties to be

---

[1] Other factors include whether the debtor has refused in bad faith to cooperate with the creditor and whether the creditor had sufficient notice of the deadline and the information to file an objection. Id. The parties believe that neither of these factors weigh against granting an extension.

required to engage in litigation over the dischargeability of any such debts. Further, Debtor has proposed a five-year Chapter 13 plan and would not seek a discharge until those plan payments are completed. Finally, the Debtor and the Chapter 13 trustee each consent to the extension, which will not prejudice the Debtor delay or impact the administration of this bankruptcy case.

WHEREFORE, the U.S. Securities and Exchange Commission respectfully requests that the Court enter the attached agreed order extending for 27 days (to November 6, 2023) the deadline for the SEC to file a complaint to determine dischargeability of a debt under 11 U.S.C. §523(c), without prejudice to seeking further extensions, and provide such other relief as the Court deems appropriate.

Dated: October 10, 2023

Respectfully submitted,

DAVID W. BADDLEY
U.S. Securities and Exchange Commission

*/s/ David W. Baddley*
Bankruptcy Counsel

U.S. SECURITIES AND EXCHANGE COMMISSION
950 East Paces Ferry Road, NE
Suite 900
Atlanta, GA 30326-1382
Tel: (404) 842-7625
baddleyd@sec.gov

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Motion was served this 10th day of October, 2023 upon all ECF Participants via the Court's CM/ECF filing system, and was deposited in the U.S. Mail on October 11, 2023 to the following:

Jarrod Reed Erwin
23501 Cinco Ranch Blvd
H120 Pmb 611
Katy, TX 77494-3095

Reese W. Baker
Baker & Associates
950 Echo Lane, Suite 300
Houston, TX 77024

William E. Heitkamp
Office of Chapter 13 Trustee
9821 Katy Freeway, Suite 590
Houston, TX 77024

Office of the U.S. Trustee
515 Rusk Ave, Suite 3516
Houston, TX 77002

Daniel J. Ferretti
Baker, Donelson, Bearman,
 Caldwell & Berkowitz, PC
1301 McKinney St., Suite 3700
Houston, TX 77010

                                         */s/ David W. Baddley*