IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 13 |
| | § | |
| JARROD ERWIN | § | Case No. 23-31315 |
| | § | |
| Debtor | § | |
| | § | |

### FINANCIAL FREEDOM GROUP INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

> **This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.**
>
> **Represented parties should act through their attorney.**
>
> **There will be a hearing on this matter on July 9, 2024 at 9:30 A.M. in courtroom 403, at Bob Casey United States Courthouse, 515 Rusk, Houston, Texas 77002.**

Interested Party Financial Freedom Group Inc. ("FFG") files its Motion for Relief from the Automatic Stay to request documents from the Debtor and to take his deposition.

### RELIEF REQUESTED

1. In June of 2022, multiple lawsuits involving African Methodist Episcopal Church plan participants were consolidated into an MDL action in the Western District of Tennessee, MDL Case no. 1:22-MD-03035, which is currently pending ("AMEC Litigation").

2. FFG and Debtor are named as defendants in the AMEC Litigation.

3. FFG seeks relief from the automatic stay in this bankruptcy to request and gain access to certain documents controlled by Debtor and in Debtors' possession that have been at issue in this proceeding and the related adversary proceeding under case number 4:23-bk-3147.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The relief requested herein is sought pursuant to §§ 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

7. On March 2022, plaintiffs (the "AMEC Plaintiffs") brought a series of complaints against the Debtor and other defendants in numerous federal courts. These complaints were consolidated in an MDL in the Western District of Tennessee (the "Litigation Court") in June of 2022. FFG and the Debtor are defendants in the AMEC Litigation. Several parties' claims in the AMEC Litigation arise (at least in part) out of Debtor's conduct. In particular, the AMEC Plaintiffs allege that Debtor ran or participated in a series of sham businesses that defrauded and extorted millions of dollars over several years from the AMEC Plaintiffs who were participants in the African Methodist Episcopal Church retirement plan. The sham businesses ("Motorskill") are named as defendants in the AMEC Litigation and have since been dissolved, but Debtor possesses documents and other evidence related to the activities and transactions of the businesses and other evidence relevant to the AMEC Litigation factual allegations and claims.

8. On April 7, 2023, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. [Doc. No. 1]. On May 8, 2023, the Court entered its Order granting the Debtor's *Motion to Convert Case to Chapter 13*. [Doc. No. 24].

9. This Court has already adjudicated discovery disputes arising out of the Litigation in this bankruptcy proceeding. On April 17, 2023, the AMEC Plaintiffs filed an *Emergency Motion for Relief from the Automatic Stay by Plaintiffs In: re AME Church Employee Retirement Fund Litigation MDL No. 1:22-MD-03035* [Doc. No. 10]. On June 14, 2023, after several hearings on the AMEC Plaintiffs' motion, this Court ordered the Debtor to: (1) appear for a Rule 2004 examination, and (2) produce boxes of documents in his possession. [Doc. No. 43 – "Discovery Order"]. Upon information and belief, the Debtor has approximately 56 boxes of documents (the "Documents") in his possession.

10. On July 7, 2023, the AMEC Plaintiffs filed their *Motion for Sanctions* [Doc. No. 63], seeking sanctions against the Debtor for his violation of the Discovery Order.

11. On August 16, 2023, after a hearing, this Court entered its *Order on Motion for Sanctions* [Doc. No. 97 – "Sanctions Order"], finding that the Debtor (1) did not comply with its Discovery Order; (2) was evasive, contradictory and untruthful during his 2004 examination; and (3) was an unreliable witness even under oath. *Id.* The Court clarified the intention of the Discovery Order—it required Debtor to "produce ***all documents*** that possibly lead to admissible evidence in the litigation between the debtor and the interested parties." *Id.* (emphasis added). The Court again ordered the Debtor to, "without limitation," produce documents he had earlier withheld. *Id.*

12. On January 18, 2024, this Court signed its order confirming the Debtor's Chapter 13 Plan. [Doc. No. 163].

13. On May 2, 2024, the Court in the African Methodist Episcopal Church parties ("AMEC") adversary proceeding, case number 4:23-bk-3147, held an emergency hearing on

3

AMEC's request and ordered Debtor to allow AMEC access to boxes held in storage between May 13, 2024 – May 17, 2024. [Doc. No. 32 – Discovery Conference Order].

14. Debtor has documents in his possession that are relevant to the AMEC Litigation. The Documents are not the Debtor's personal documents, but rather are the business records of the now-defunct Motorskill entities. The Motorskill entities are named defendants in the AMEC Litigation.

15. The Debtor has already produced the Documents to the AMEC Plaintiffs and AMEC in this bankruptcy proceeding and the related adversary proceeding. The AMEC Plaintiffs copied a portion of the Documents but refused to produce them on the basis of attorney work product privilege. Moreover, AMEC has had access to the documents and copied and scanned the portions of the documents it felt relevant.

16. This Court ordered the AMEC Plaintiffs to return the Documents to the Debtor in these proceedings [Doc. No. 43]. By stipulation, in the related adversary proceedings, AMEC agreed to return all documents it removed from the storage to the Debtor [Doc. No. 39]. As a result, FFG is currently unable to obtain the Documents from other parties in the AMEC Litigation.

17. During a May 3, 2024 Status Conference, the Litigation Court addressed concerns regarding the parties' access to the Documents in Debtors' possession and indicated that the parties should seek access to the Documents from this Court. *See AMEC* Litigation, *Status Conference held on May 3, 2024* [Doc. No. 391].

## **ARGUMENT AND AUTHORITIES**

18. FFG seeks relief from this Court to request the Debtor to allow it access to the Documents in his possession.

19. Section 362(d)(1) provides that the court shall grant relief from the automatic stay for cause. 11 U.S.C. § 362(d)(1).

20. FFG seeks Documents in Debtor's possession—specifically, the exact Documents already ordered to be produced by this Court to the AMEC Plaintiffs and AMEC in the related adversary proceedings. *See* Sanctions Order [Doc. 97]; Discovery Conference Order [Doc. 32]. The Documents are not the Debtor's personal documents; rather, they are the business records of the now defunct Motorskill entities that remain in the Debtor's possession. The Debtor has already produced the Documents to other parties in the AMEC Litigation, so producing the Documents again will not prejudice the Debtor or his ability to effectuate his confirmed chapter 13 Plan.

21. However, should the Debtor not be required to produce the Documents again, FFG will be severely prejudiced. The AMEC Plaintiffs and AMEC have had access to the Documents and the benefit of reviewing and copying the documents they found relevant. To be clear, the AMEC Plaintiffs and AMEC's access to the Documents is for use in the AMEC Litigation. The Litigation Court has directed the parties to this Court for access to the Documents. FFG seeks the same access to all the Documents in the Debtor's possession as the AMEC Plaintiffs and AMEC have been afforded. Based on the Litigation Court's dicta, this Court is the only Court that can grant FFG's requested relief.

22. Based on the foregoing, good cause exists to grant FFG relief from the automatic stay. The Debtor's Plan of reorganization has already been confirmed by this Court. [Doc. No. 133]. The relief FFG seeks from this Court does not prejudice the Debtor's ability to effectuate his Plan. FFG needs the Documents in order to fully litigate and defend itself in the AMEC Litigation.

23. The Federal Rules of Bankruptcy Procedure impose a stay of 14 days on an order of relief from the automatic stay. *See* Fed. R. Bankr. P. 4001(a)(3). Given the advanced stage of

this proceeding, and that this Court has previously ordered similar relief regarding the AMEC Litigation, FFG requests that the Court order that relief be immediately granted upon the entry of its Order.

## CONCLUSION

FFG requests that this Court enter an order modifying the stay in relation to the AMEC Litigation to allow FFG to request and gain access to Documents controlled by Debtor in the AMEC Litigation. FFG further requests the Court direct that this Order not be subject to the 14-day stay normally imposed by Fed. R. Bankr. P. 4003(a)(3).

**DATED**: June 20, 2024

Respectfully submitted,

**ADAMS AND REESE LLP**

By: */s/ Kyle C. Steingreaber*
Alton J. Hall, Jr.
Texas Bar No.: 08743740
alton.hall@arlaw.com
Kyle C. Steingreaber
Texas Bar No.: 24110406
kyle.steingreaber@arlaw.com
LyondellBasell Tower
1221 McKinney Street, Suite 4400
Houston, Texas 77010
Telephone: (713) 652-5151
Facsimile: (713) 651-5252

*Counsel for Robert Eaton and Financial Freedom Group, Inc.*

**Certificate of Service**

I certify that on June 20, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and caused a paper copy to be mailed via First Class Mail to the Debtor at the following addresses:

Jarrod Reed Erwin
23501 Cinco Ranch Blvd
H120 Pmb 611
Katy, TX 77494-3095

*/s/ Kyle C. Steingreaber*
Kyle C. Steingreaber

**Certificate of Conference**

I certify that prior to the filing of this motion, on June 20, 2024, I conferred with Debtor's counsel, Mr. Reese W. Baker, regarding the relief requested, and Debtor is opposed to the relief requested.

*/s/ Kyle C. Steingreaber*
Kyle C. Steingreaber