IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| In re: JARROD REED ERWIN | § | Case No.    23-31315-H5-13 |
|---|---|---|
|  | § |  |
| Debtor | § |  |
|  | § |  |
| FINANCIAL FREEDOM GROUP, INC. | § | Chapter 13 |
| Movant | § |  |
|  | § |  |
| vs. | § |  |
| JARROD REED ERWIN | § |  |
|  | § |  |
| Respondent | § |  |

**DEBTOR'S RESPONSE TO MOTION FOR
RELIEF FROM AUTOMATIC STAY (Docket #171) AND
<u>REQUEST FOR HEARING</u>**

Jarrod Erwin ("Debtor"), responds to the Amended Motion for Relief from the Automatic Stay (Docket #171) ("Motion") filed by FINANCIAL FREEDOM GROUP, INC. ("Movant") with regard to the collateral or property described by Movant in the Motion (the "Property") and will show the court as follows:

<u>**Specific Responses**</u>

1. Debtor has insufficient information to admit or deny the allegations and therefore denies the allegations contained in paragraph 1.

2. Debtor has insufficient information to admit or deny the allegations and therefore denies the allegations contained in paragraph 2.

3. Debtor has insufficient information to admit or deny the allegations and therefore denies the allegations contained in paragraph 3.

4. Debtor admits the allegations in the first sentence of Paragraph 4.   Debtor has insufficient

information to admit or deny the remaining allegations and therefore denies the remaining allegations contained in paragraph 4.

5. Debtor admits the allegations in Paragraph 5.

6. Debtor has insufficient information to admit or deny the allegations and therefore denies the allegations contained in paragraph 6.

7. Debtor has insufficient information to admit or deny the allegations and therefore denies the allegations contained in paragraph 7.

8. Debtor admits the allegations contained in paragraph 8.

9. Debtor admits that AME filed an Emergency Motion for Relief from the Automatic Stay on April 17, 2023. Debtor has produced the boxes of documents in his possession. Debtor denies that he has 56 boxes of documents in his possession.

10. Debtor admits the allegations contained in paragraph 10 as to the filing of a motion for sanctions.

11. Debtor admits the allegations contained in paragraph 11 as to the entry of the Order on Sanctions. Debtor admits that he was required to produce documents. The Debtor produced the documents.

12. Debtor admits the allegations contained in paragraph 12.

13. Debtor admits the allegations contained in paragraph 13.

14. Debtor has insufficient information to admit or deny the allegations and therefore denies the allegations contained in paragraph 14.

15. Debtor admits the first sentence of paragraph 15. Debtor has insufficient information to admit or deny the remaining allegations and therefore denies the remaining allegations

contained in paragraph 15.

16. Debtor admits the first and second sentences of paragraph 16. Debtor denies the remaining allegations as to the ability of FFG to obtain documents from other parties.

17. Debtor has insufficient information to admit or deny the allegations and therefore denies the allegations contained in paragraph 17.

18. Debtor denies the allegations contained in paragraph 18. FFG should have requested access to documents with the other parties to the case. Debtor is being required to produce documents to multiple parties and incur excessive costs for the production of documents. FFG should be required to pay all costs of Debtor and his counsel for the request, if granted.

19. Paragraph 19 is a statement of the law and does not require a response.

20. Debtor denies in paragraph 20 that yet another entity such as FFG should be allowed to require the Debtor to produce documents and incur the time and costs again. The Debtor admits that he has produced documents to multiple parties in his case and motions continue to be filed requiring further time and expenses of the Debtor for allegedly the same documents. Debtor denies that he should be required to continue to produce documents.

21. Debtor has insufficient information to admit or deny the allegations and therefore denies the allegations contained in paragraph 20.

22. Debtor denies the allegations in paragraph 22. AMEC and the AMEC Plaintiffs allegedly have a complete scan of all the documents. On information and belief, AMEC and the AMEC Plaintiffs have a complete set of all the documents in the possession of the Debtor. Debtor denies the remaining allegations in paragraph 22.

23. Debtor denies the allegations contained in paragraph 23.

24. Debtor denies the allegations contained in the last paragraph.

25. Debtor requests a hearing on the Motion.

26. Debtor requests that AMEC and the AMEC Plaintiffs be required to provide a copy of the scan of the documents from the Debtor.

27. If any further depositions occur, Movant should be required to pay all costs and expenses of the Debtor, including his legal fees.

WHEREFORE, Debtor respectfully requests the court conduct a hearing on the Motion and after the hearing deny the Motion, order AMEC and the AMEC Plaintiffs to provide a copy of the scan of the documents from the Debtor to such party, order Movant to pay all costs and expenses of the Debtor, including legal fees of the Debtor, and grant him such other and further relief to which he is entitled.

Dated: July 2, 2024

Respectfully submitted,

*/s/Reese W. Baker*
Reese W. Baker
TX Bar No. 01587700
Sonya Kapp
TX Bar No. 01587700
Nikie Marie López-Pagán
Texas Bar No. 24090233
950 Echo Lane, Suite 300
Houston, TX 77024
713-869-9200 - Phone
713-869-9100- Fax
Email: courtdocs@bakerassociates.net
ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

      I certify that on or about July 2, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

| | |
|---|---|
| David W Baddley | baddleyd@sec.gov |
| Tiffany D Castro | ecf@ch13hou.com |
| Daniel J Ferretti | dferretti@bakerdonelson.com; joboyle@bakerdonelson.com |
| Miriam Goott | wandp.ecf@gmail.com; mgoott@ecf.courtdrive.com |
| Genevieve Marie Graham | ggraham@jw.com; dtrevino@jw.com; kgradney@jw.com; jpupo@jw.com; steso@jw.com; dduhon@jw.com |
| Randi Alyson Kassan | rkassan@milberg.com |
| Matthew E Lee | mlee@milberg.com; jsteen@milberg.com; jwilliams@milberg.com; KBatchelor@milberg.com |
| Judson Mahan | jmahan@bakerdonelson.com; cbravo@bakerdonelson.com |
| Kyle C Stengreaber | kyle.steingreaber@arlaw.com |
| US Trustee | USTPRegion07.HU.ECF@USDOJ.GOV |
| Locke Houston Waldrop | lwaldrop@bakerdonelson.com |
| Jolene M Wise | wisej@sec.gov; isenmanb@sec.gov |

      A copy of the Debtor's Response to Movant's Motion for Relief from Automatic Stay was delivered on or about June 25, 2024, to all parties listed below in the manner listed below:

| | |
|---|---|
| Kyle C. Steingreaber<br>Adams and Reese, LLP<br>1221 McKinney Street, Suite 4400<br>Houston, Texas 77010<br>Counsel Financial Freedom Group, Inc. | CM/ECF Electronic Delivery |

                                                  */s/Reese W. Baker*
                                                  **Reese W. Baker**