IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Chapter 13 |
| JARROD REED ERWIN, § | |
| § | Case No. 23-31315 |
| Debtor § | |

**DEBTOR'S MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR APPROVAL OF COMPROMISE AND SETTLEMENT WITH AFRICAN METHODIST EPISCOPAL CHURCH AND AMEC MINISTERIAL RETIREMENT ANNUITY PLAN**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MOTION ON AUGUST 14, 2024 AT 1:30 PM, PREVAILING CENTRAL TIME, IN COURTROOM 403, 515 RUSK ST., HOUSTON, TEXAS.**

COMES NOW Debtor Jerrod Erwin ("Debtor"), by and through the undersigned counsel, and, together with African Methodist Episcopal Church and AMEC Ministerial Retirement Annuity Plan (collectively, "AMEC"), file this Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for Approval of Compromise and Settlement with AMEC ("Motion"),

1

seeking approval of the settlement agreement reached by and between Debtor and AMEC, as further detailed herein, as well as for entry of the proposed orders substantially in the form attached hereto ("Proposed Order"). In further support of this Motion, the Debtor and AMEC respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion by virtue of 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1408.

3. The statutory predicate for the relief sought herein is 11 U.S.C. §§ 105 and 502 and Federal Rule of Bankruptcy Procedure 9019.

## FACTUAL AND PROCEDURAL BACKGROUND

4. On August 19, 2022, Reverend Pearce Ewing and others ("Tennessee Plaintiffs") filed a consolidated Amended Complaint in the United States District Court for the Western District of Tennessee ("Tennessee District Court") as Case No. 1:22-md-03035-STA-jay (the "Tennessee Case") against the following Defendants: African Methodist Episcopal Church Ministerial Retirement Annuity Plan, Newport Group, Inc., Symetra Life Insurance Company, Rev. Dr. Jerome V. Harris, AMEC, AMEC Department of Retirement Services, AMEC General Board, AMEC Council of Bishops, Bishop Samuel L. Green, Sr., Bishop James Davis, Robert Eaton, Financial Freedom Funds, LLC, Financial Freedom Group, Inc., Financial Technologies, LLC, Motorskill Venture Group, Motorskill Ventures 1, L.P., Motorskill Asia Venture Group, Asia Ventures 1, L.P., Jarrod Erwin, Randall Erwin, Rodney Brown and Company, Doe Corporations 1-10, and John Does 1-10, (collectively, the "Tennessee Defendants"). The Tennessee Plaintiffs brought claims for breach of fiduciary duties and negligent conduct, among other claims, and sought recovery on behalf of AMEC ministers and other employees.

2

5. In response to the complaint filed in the Tennessee Case, AMEC filed its Answer on October 18, 2022, naming, among others, Debtor as a Cross-Defendant..

6. On April 7, 2023 ("Petition Date"), the Debtor, through counsel, filed a voluntary bankruptcy case under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") [Doc. No. 1] and simultaneously filed a Notice of Suggestion of Bankruptcy and Notice of Automatic Stay Proceedings in the Tennessee Case.

7. On May 8, 2023, the Court entered an Order granting Debtor's *Motion to Convert Case to Chapter 13*. [Doc. No. 24].

8. On July 17, 2023, AMEC filed two separate proofs of claim against Debtor, each in the amount of $37 million related to the claims asserted against Debtor in the Tennessee Case (collectively, the "Claims"). *See* Claim Nos. 6-1 and 7-1.

9. Debtor filed Objections to AMEC's Claims on August 17, 2023. [Doc. Nos. 100 and 101].

10. On August 8, 2023, AMEC filed its Adversary Complaint to Determine Dischargeability of Debt ("Adversary Complaint") against Debtor, seeking a determination from this Court that AMEC's claims against Debtor were non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) and (4). The Adversary Complaint also sought claims for conversion, fraudulent misrepresentation, fraudulent concealment, civil conspiracy, and negligent misrepresentation. [Adv. Doc. No. 1]. The Adversary Complaint was assigned as Adv. Pro. Case No. 23-03147 ("Adversary Proceeding").

11. The Court ultimately entered that certain *Order Granting Motion to Consolidate and Striking Hearings* ("Consolidation Order"), wherein the Court consolidated Debtor's Objections to AMEC's Claims with the Adversary Proceeding. [Doc. No. 123].

12. Since the filing of the Adversary Proceeding, the parties have engaged in various motion practice, as well as written discovery.

13. Now, upon good faith negotiations between Debtor and AMEC, the parties have reached a fair and equitable settlement resolving all of the pending issues and claims by and between AMEC and Debtor. The terms of such settlement are as follows:

   a. Upon entry of an order approving this Motion, the Adversary Complaint filed by AMEC against Debtor will be dismissed with prejudice and all pending discovery, including requests for oral depositions, will be cancelled and/or withdrawn;

   b. Upon entry of an order approving this Motion, AMEC will withdraw the Claims filed against the Debtor; and

   c. In exchange for the dismissal of the Adversary Complaint and withdrawal of the Claims, Debtor agreed to cooperate with certain requests for information related to the Tennessee Case and has fulfilled that obligation.

## BASIS FOR RELIEF

14. For the reasons set forth herein, the Debtor and AMEC respectfully request that this Court enter the Proposed Orders approving the settlement memorialized herein and granting such other and further relief as the Court deems just and appropriate.

15. Federal Rule of Bankruptcy Procedure 9019 provides, "On motion by the trustee [or debtor] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019. A compromise in a bankruptcy should be approved if the compromise is "fair and equitable and in the best interest of the estate." *In re Foster Mortgage Co.*, 68 F.3d 914, 917 (5th Cir. 1995); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980) (citing

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 88 S. Ct. 1157 (1968)). "[A]pproval or denial of a compromise involving a bankruptcy estate is committed to the discretion of the bankruptcy judge. . . ." *Watts v. Williams*, 154 B.R. 56, 59 (S.D. Tex. 1993).

16. In considering approval of a proposed settlement under Fed. R. Bankr. P. 9019, bankruptcy courts in the Fifth Circuit consider the following factors:

   a. The probability of success in the litigation, with due consideration for the uncertainty in fact and in law;

   b. The complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay; and

   c. All other factors bearing on the wisdom of the compromise.

*Jackson Brewing*, 624 F.2d at 602. The third factor, focused on "all other factors bearing on the wisdom of the compromise," includes: (i) "the best interests of the creditors, 'with proper deference to their reasonable views;'" and (ii) "'the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion.'" *In re Age Ref., Inc.*, 801 F.3d 530, 540 (5th Cir. 2015) (citing *Matter of Foster Mortg. Corp.*, 68 F.3d 914, 917 (5th Cir. 1995)).

17. Additional factors that this Court may consider are: (i) the difficulties in collecting a judgment concerning the underlying litigation; (ii) the creditors' interests and reasonable views; (iii) whether the proposed settlement is with or among insiders; and (iv) whether the proposed settlement promotes the integrity of the judicial system. *See In re DeRosa-Grund*, 567 B.R. 773, 784 (Bankr. S.D. Tex. 2017) (collecting cases).

18. The settlement terms outlined herein below are fair and equitable and in the best interests of the Debtor's estate for several reasons. The relationship between the Debtor and

AMEC has been exceedingly contentious and has resulted in significant cost to the Debtor and to AMEC during this bankruptcy case. Without the settlement, the Debtor is faced with trial in the Adversary Proceeding on August 19, 2024 which will result in further increased litigation costs for the Debtor and AMEC as the parties prepare for trial. The settlement agreement resolves both the Adversary Proceeding and provides for the withdrawal of AMEC's claims against the Debtor, which benefits the other creditors in the Debtor's bankruptcy.

19. Each of the *Jackson Brewing* factors described above support approval of this settlement agreement.

20. For the foregoing reasons, as well as any other arguments to be heard at the hearing on this Motion, the Court should approve the Settlement Agreement as fair and equitable and in the best interest of the Debtor. The Settlement Agreement allows the Debtor and AMEC to achieve the exact result contemplated by the Bankruptcy Code: an end to ongoing (and before now seemingly interminable) litigation and a fresh start.

WHEREFORE, ABOVE PREMISES CONSIDERED, Debtor and AMEC respectfully request that the Court grant this Motion, enter the orders attached to this Motion, approve the settlement described herein and grant all such further or other relief to which the Court finds it may be entitled under the circumstances.

Dated: June 26, 2024.

Respectfully submitted,

*/s/ Reese W. Baker*
Reese W. Baker
Texas Bar No. 01587700
**Baker & Associates**
950 Echo Lane, Suite 300
Houston, Texas 77024
713-869-9200
713-869-9100 (fax)

Email: courtdocs@bakerassociates.net

***Attorneys for Debtor/Defendant Jarrod Reed Erwin***

The undersigned hereby acknowledges that African Methodist Episcopal Church and AMEC Ministerial Retirement Annuity Plan agree to the relief requested in the foregoing motion.

*/s/ Daniel J. Ferretti*
Daniel J. Ferretti
Texas Bar No. 24096066
**Baker Donelson Bearman Caldwell & Berkowitz PC**
1301 McKinney Street, Suite 3700
Houston, Texas   77010
Telephone:  713-650-9700
Facsimile:   713-650-9701
Email: dferretti@bakerdonelson.com

*Attorneys for Plaintiffs African Methodist Episcopal Church and AMEC Ministerial Retirement Annuity Plan*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2024, a copy of the foregoing Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for Approval of Compromise and Settlement with African Methodist Episcopal Church and AMEC Ministerial Retirement Annuity Plan was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties receiving electronic notice.

I further certify that on July 5, 2024, a copy of the foregoing Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for Approval of Compromise and Settlement with African Methodist Episcopal Church and AMEC Ministerial Retirement Annuity Plan was served by U.S. Mail, postage prepaid to all parties on the attached mailing matrix.

*/s/ Reese W. Baker*
Reese W. Baker