**In the United States Bankruptcy Court
for the Southern District of Texas
Houston Division**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Jarrod Erwin | § | Case No. 23-31315 |
| | § | |
| | § | |
| Debtor | § | |

**DEBTOR'S EMERGENCY MOTION COMPELLING SYMETRA TO WITHDRAW
MOTION FILED IN THE TENNESSEE MDL SEEKING RELIEF FROM THAT COURT
AGAINST DEBTOR JARROD ERWIN**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THIS
MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS
TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF, OR IF YOU BELIEVE
THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE
AN IMMEDIATE RESPONSE.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU
OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING
PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT
AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING
PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE
DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE
MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE,
THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU
OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST
ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT
MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION
AT THE HEARING.**

**HEARINGS BEFORE JUDGE NORMAN ARE GENERALLY HELD ON A HYBRID
BASIS, UNLESS THE COURT ORDERS IN PERSON APPEARANCES.  ADUIO
COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL IN FACILITY.  YOU
MAY ACCESS THE FACILITY AT 832-917-1510.  YOU WILL BE RESPONSIBLE FOR
YOUR OWN LONG DISTANCE CHARGES.  ONCE CONNECTED, YOU WILL BE
ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE NORMAN'S
CONFERENCE ROOM NUMBER IS 174086.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING.  TO USE GOTOMEETING, THE
COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING
APPLICATION.  TO CONNECT, YOU SHOULD ENTER THE MEETING CODE**

*Emergency Motion*

**"JUDGENORMAN" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE NORMAN'S HOME PAGE IN THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT HAND CORNER AND ENTER YOUR NAME UNDER PERSONAL INFORMATION SETTING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

## I.      FACTUAL BACKGROUND

1. On July 26, 2024, this Court entered the attached Order (the "Order") relaxing Section 362 to allow a deposition of Jarrod Erwin ("Debtor").  (Exhibit 1)

2. This Court ordered, "The deposition shall be held according to the Rules of Civil Procedure and the discovery order in the 'Litigation.'"

3. This Court made clear that it "retains jurisdiction to resolve any disputes regarding the date and time of the deposition, if not set by agreement." *Id*.

4. There is not a single word in the Order ceding any aspect of this Court's jurisdiction over Debtor's bankruptcy, let alone the deposition.

5. Nonetheless, and contrary to the order entered by this court, on September 13, 2024, Symetra filed a motion in the Tennessee MDL (the "MDL") styled *DEFENDANT SYMETRA LIFE INSURANCE COMPANY'S MOTION TO COMPEL JARROD ERWIN TO SIT FOR A MULTI-DAY DEPOSITION AND INCORPORATED MEMORANDUM OF LAW*. (the "Motion") (Exhibit 2)

6. In the Motion filed in the Litigation, Symetra, arguing that Debtor would not agree to a two-day deposition, incorrectly added words that nowhere appear or are implied by this court's Order:

*Emergency Motion*

**In other words, the bankruptcy court ruled that this Court could set the parameters for Mr. Erwin's deposition in this MDL. *Id.***

7. This Court clearly retained jurisdiction over the deposition.  Yet, contrary to the Order of this court, Symetra filed a motion in the Tennessee Litigation asking the Tennessee court to compel Debtor to appear.  Symetra exceeded the scope of the Order of this court.

8. Debtor has not refused to set a date.  Debtor intends to fully comply with the requirement for a deposition.  Erwin will appear for a deposition.  However, at this time Erwin has not agreed to a 2-day deposition.  If more time is needed after one day, Debtor fully intends to comply with any discovery orders existing at the time of the Order, in the Tennessee Litigation.

9. While the MDL discovery rules allow additional time if needed, no need for additional time has been demonstrated.  The MDL Order on discovery requires the parties to confer as to how much time each party estimates it will need for questioning.  However, other than emails from counsel for Symetra, counsel for Erwin is not aware of any other communications with him by any other counsel.  While counsel for Symetra has provided information by email from other counsel on the deposition, no other counsel has contacted counsel for the Debtor by email or phone to confer and to provide information as to why such times are needed.

10. The MDL order provides that after a full day of 7 hours, if more time is needed, then the deposition will continue to a second day.  Counsel for Erwin has no ability to determine how much time is needed at this time.  No other counsel has conferred with counsel for Erwin to ask for additional time other than the demand by counsel for Symetra for two

*Emergency Motion*

days.  No conference has occurred with the other parties that intend to participate in the deposition other than emails with counsel for Symetra.

11. Debtor has now been required to incur costs for the attorney in Tennessee Litigation as a result of the Symetra attorney's failure to comply with the Order of this court.  One of the reasons Debtor filed for bankruptcy was to avoid this very situation, being dragged into the MDL when he cannot afford it.

## II. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Debtor requests this Court compel Symetra to withdraw the Motion in the Tennessee Litigation, to comply with the Order entered by this court,  and, to the extent that it or any other party to the MDL, or an actual creditor in this action, has a dispute about any aspect of Debtor's deposition, that it first attempt to resolve the dispute with counsel for Erwin and if such dispute cannot be resolved for them to bring that dispute before this Court for resolution, and for any other relief to which the Debtor may be entitled.

Dated:   September 17, 2024

Respectfully submitted,

*/s/ Reese W. Baker*
Reese W. Baker
TX Bar No. 01587700
950 Echo Lane, Suite 200
Houston, Texas 77024
(713) 979-2279
(713) 869-9100 fax
Email: courtdocs@bakerassociates.net
**Attorney for Jarrod Erwin**

*Emergency Motion*

**Certificate of Emergency**

I certify that an emergency hearing is needed.  Counsel for Symetra has failed to follow the order of this court and has filed a motion in the Tennessee litigation seeking to have the Tennessee court compel the Debtor to attend a deposition instead of seeking an order from this court, WHICH Debtor contends is not necessary.  The Debtor requests that this court order Symetra to withdraw such motion prior to any ruling in the Tennessee MDL litigation.  The Debtor has not refused to set a date for a deposition.  A hearing is requested prior to or by  September 19, 2024.

/s/

_Reese W. Baker_
Reese W. Baker

**Certificate of Service**

I certify that a copy of DEBTOR'S MOTION COMPELLING SYMETRA TO WITHDRAW MOTION FILED IN THE TENNESSEE MDL SEEKING RELIEF FROM THAT COURT AGAINST DEBTOR JARROD ERWIN was delivered on September 17, 2024 via CM/ECF electronic delivery on all parties that consent to such service via electronic filing.

_/s/ Reese W. Baker_
Reese W. Baker

_Emergency Motion_