#### IN THE UNITED STATES BANKRUPTCY COURT
#### FOR THE SOUTHERN DISTRICT OF TEXAS
#### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 13 |
| | § | |
| JARROD ERWIN | § | Case No. 23-31315 |
| | § | |
| Debtor | § | |
| | § | |

### EMERGENCY MOTION TO RECONSIDER THE COURT'S ORDER ENTERED SEPTEMBER 17, 2023

**Emergency (or expedited) relief has been requested. If the Court considers the motion on an emergency (or expedited) basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency (or expedited) consideration is not warranted, you should file an immediate response.**

Symetra Life Insurance Company ("Symetra") files this motion ("Motion") to reconsider this Court's September 17, 2024 Order [Docket No. 203] granting *Debtor's Emergency Motion Compelling Symetra To Withdraw Motion Filed in the Tennessee MDL Seeking Relief from that Court Against Debtor Jarrod Erwin* [Docket No. 201] ("Debtor's Emergency Motion"), and in support states the following:

### RELIEF REQUESTED

1. Symetra respectfully requests that this Court reconsider its Order granting *Debtor's Emergency Motion* and instead order the deposition of the Debtor to proceed as previously approved by the Court's *Order on Motions for Relief from Stay (ECF No. 170 and 171)* [Docket No. 186] ("Lift Stay Order"). The Court's *Lift Stay Order* provided that discovery orders entered in the MDL would set the terms of Debtor's deposition in the MDL and Symetra's request to Debtor is squarely in line with MDL discovery orders.

**BACKGROUND**

2. This Court ordered Debtor Jarrod Erwin to sit for a deposition in the *AME Church Employee Retirement Litigation* (the "MDL" or the "Litigation"). *See Lift Stay Order*. In that MDL, Debtor, his now-deceased father, and entities controlled by them are alleged to have converted tens of millions of dollars in AME Church retirement plan funds. *See Debtor's Emergency Motion*, Docket No. 201, Exhibit 2 at 1–2 (Symetra's motion to compel filed in the Litigation, which further describes those allegations against Debtor). Although this Court retained jurisdiction to resolve any disputes regarding the date and time of Debtor's deposition in the MDL, it ordered that the deposition "shall be held according to the Federal Rules of Civil Procedure and any discovery order entered in the Litigation." *Lift Stay Order* (internal quotation marks omitted).

3. This Court ordered Symetra to provide notice of Debtor's deposition to all parties in the MDL. *See Lift Stay Order*. An MDL Court order establishing guidelines for depositions in the MDL also required Symetra to confer with the other parties in the MDL regarding both the scheduling of Debtor's deposition and how much time each party estimates it needs for questioning of Debtor. *See MDL Order Establishing Guidelines for Depositions*, attached as **Exhibit 1,** at ¶ 5. Accordingly, Symetra contacted the other parties in the MDL and learned that five parties (including Symetra) intend to question Debtor for an estimated 10.5 hours in total. *See* **Exhibit 2** (Symetra's correspondence with the other parties in the MDL).

4. Symetra's counsel then contacted Debtor's counsel to schedule Debtor's deposition, explaining that two days would be required for the deposition. As *Debtor's Emergency Motion* states, Debtor did not refuse to schedule a date and time for Debtor's deposition. *See Debtor's Emergency Motion* at ¶ 8 ("Debtor has not refused to set a date.").

Debtor did, however, refuse to sit for a two-day deposition. Debtor's counsel repeatedly asked Symetra's counsel what rule or order authorized a two-day deposition of Debtor. Symetra's counsel explained that this Court's *Lift Stay Order* authorized a deposition of Debtor according to any discovery order entered in the MDL, and that the *MDL Order Establishing Guidelines for Depositions* authorized multi-day depositions in the MDL when needed. *See* **Exhibit 3** (Symetra's conferral with Debtor regarding his deposition).

5.  At the most recent status conference in the MDL, Symetra informed the MDL Court that Debtor was refusing to sit for a multi-day deposition. The MDL Court confirmed that multi-day depositions are authorized in the MDL—indeed, several multi-day depositions already have been taken or are scheduled in the MDL. The MDL Court also indicated that given Debtor's alleged role in the staggering loss of AME Church retirement plan funds, a multi-day deposition of Debtor appeared warranted. Symetra's counsel conveyed those oral pronouncements from the MDL Court to Debtor's counsel. Despite that, Debtor still refused to sit for a two-day deposition. *See* **Exhibit 3** (Symetra's conferral with Debtor regarding his deposition).

6.  Since Debtor contended that no rule or order authorized a two-day deposition of him, while Symetra contended that the *MDL Order Establishing Guidelines for Depositions* authorized a two-day deposition of any witness in the MDL when needed (including Debtor), Symetra took that dispute about what the MDL Court has authorized to the MDL Court by filing a motion to compel. *See Debtor's Emergency Motion*, Exhibit 2 (Symetra's motion to compel). In essence, Debtor said he would not sit for a multi-day deposition without an order specifically requiring him to do so, this Court had already ordered Debtor to sit for a deposition held according to any discovery order entered in the MDL, and so Symetra attempted to obtain from

the MDL Court the order that Debtor said would earn his compliance.

7.      Debtor did not respond to Symetra's motion to compel in the MDL, instead filing a purportedly emergency motion with this Court. Debtor's principal complaint was that while Symetra's counsel represented that other parties in the MDL also needed time to question Debtor—10.5 hours in total—counsel for those other parties had not communicated with Debtor's counsel directly. *See Debtor's Emergency Motion* at ¶¶ 8–10. The first thing to be said about this complaint is that Symetra (and the other parties in the MDL) simply followed a process established by the MDL Court in the *MDL Order Establishing Guidelines for Depositions*. *See MDL Order Establishing Guidelines for Depositions* at ¶ 5. Second, **this is a complaint that Debtor never made to Symetra during the extensive conferral between the parties regarding Debtor's deposition**. *See* **Exhibit 3** (Symetra's conferral with Debtor regarding his deposition). Had he done so, counsel for the other parties in the MDL that need to question Debtor could have reached out to Debtor's counsel directly. Debtor instead elected to ambush Symetra by filing a purportedly emergency motion with this Court.

8.      On September 17, 2024—the day Debtor filed his purportedly emergency motion—this Court granted *Debtor's Emergency Motion*.

9.      The discovery deadline in the MDL is November 22, 2024.

## ARGUMENT & AUTHORITIES

10.     Symetra seeks reconsideration of this Court's Order granting *Debtor's Emergency Motion*. Federal Rule of Civil Procedure 59(e) "enables a party to request that a [] court reconsider a just-issued judgment." *Banister v. Davis*, 590 U.S. 504 (2020); *see* Fed. R. Bankr. P. 9023 (incorporating Rule 59 to motions to reconsider). In the alternative, Symetra seeks relief under 11 U.S.C. § 105 ("The Court may issue any order, process, or judgment that

is necessary or appropriate to carry out the provisions of this title.").

11. This Court's *Lift Stay Order* permitted "a single deposition" of Debtor in the MDL. *See Lift Stay Order*. While the Federal Rules of Civil Procedure provide that the **default** length of a deposition is one day of seven hours, they also provide that this default can be altered by court order, and further provide that a court "must allow additional time . . . if needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1).

12. During the lengthy conferral between Symetra and Debtor regarding his deposition, Debtor took the position that no rule or order authorizes a two-day deposition of Debtor. *See* **Exhibit 3.** Yet *Debtor's Emergency Motion* does not dispute that this Court's *Lift Stay Order* provided that Debtor's deposition in the MDL "shall be held according to the Federal Rules of Civil Procedure **and any discovery order entered in the Litigation**." *Lift Stay Order* (emphasis added). *Debtor's Emergency Motion* also does not dispute that the *MDL Order Establishing Guidelines for Depositions* authorizes multi-day depositions in the MDL. *See MDL Order Establishing Guidelines for Depositions* at ¶ 5. *Debtor's Emergency Motion* instead complains that Symetra's counsel conveyed to Debtor's counsel the total amount of time needed by the parties to the MDL to question Debtor at his deposition, rather than counsel for all the various parties to the MDL that need time to question Debtor at his deposition directly conveying that fact to Debtor's counsel and explaining it to Debtor's counsel's satisfaction. But that is a situation of Debtor's counsel's own making, given that during the extensive conferral between Debtor's counsel and Symetra's counsel regarding Debtor's deposition, Debtor's counsel never requested that counsel for the other parties in the MDL that need time to question Debtor at his deposition contact Debtor's counsel directly to discuss that.

13. Debtor's gamesmanship aside, the fact of the matter is that Debtor is a key

witness in the MDL. A large percentage of the money allegedly lost by the AME Church retirement plan was invested with entities controlled by Debtor and his now-deceased father. *See Debtor's Emergency Motion*, Exhibit 2 at 1–2 (Symetra's motion to compel filed in the Litigation, which further describes those allegations against Debtor). Given the importance and the complexity of the issues in the MDL, as well as the number of parties, a two-day deposition of Debtor is more than reasonable. Indeed, Debtor's significance as a witness in the MDL and the reasonableness of a multi-day deposition of Debtor were underscored by the MDL Court at the last status conference in the MDL when Symetra raised the issue of the duration of Debtor's deposition. In short, a two-day deposition of Debtor is warranted.

## **CONCLUSION**

For the reasons set forth above, Symetra respectfully requests that this Court reconsider its Order granting *Debtor's Emergency Motion* and instead order the deposition of the Debtor to proceed as previously approved by the Court's *Lift Stay Order*. The Court's *Lift Stay Order* provided that discovery orders entered in the MDL would set the terms of Debtor's deposition in the MDL. Alternatively, Symetra requests that this Court order Debtor to sit for a two-day deposition in the MDL, or asks that the Court construe this Motion as a request for a Discovery Conference at which the Court could decide the duration of Debtor's deposition in the MDL.

Respectfully submitted,

*/s/ Genevieve M. Graham*
**JACKSON WALKER LLP**
Genevieve M. Graham (TX Bar No. 24085340)
Maha Ghyas (TX Bar No. 24138115)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Email: ggraham@jw.com
Email: mghyas@jw.com

**ATTORNEYS FOR SYMETRA LIFE INSURANCE COMPANY**

## Certificate of Emergency

I certify that an emergency hearing is needed. The discovery deadline in the MDL—November 22, 2024—is fast approaching. At least five parties in the MDL, with different positions and adverse interests, need time to question the Debtor at his deposition. The plaintiffs in the MDL are seeking over a hundred million dollars in damages. Given the complexity of the MDL and the impending discovery deadline, Symetra seeks expedited relief from this Court so that Symetra and the other parties in the MDL have adequate time to schedule Debtor's deposition and to conduct any additional discovery that may be warranted in light of Debtor's deposition testimony.

*/s/ Genevieve M. Graham*
Genevieve M. Graham

## Certificate of Service

I certify that in accordance with the BLR 9013-1, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and by electronic mail to Debtor's counsel.

*/s/ Genevieve M. Graham*
Genevieve M. Graham